**UNITED STATES of America,**
**Appellant,**

v.

**The CHESAPEAKE AND OHIO RAIL-**
**WAY COMPANY, Appellee.**

No. 6998.

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1955.

Decided July 14, 1955.

**444**

Alan S. Rosenthal, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and Melvin Richter, Atty., Department of Justice, Washington, D. C., on brief), for appellant.

Meade T. Spicer, Jr., Richmond, Va. (Walter Leake, Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is another case, like United States v. Chesapeake & Ohio R. Co., 4 Cir., 215 F.2d 213, where the only question involved is whether the export or the domestic freight rate is properly applicable to a shipment where there was an intention to export at the point of origin but where this intention was abandoned when the shipment reached the port from which exportation was to be made, so that what started out as a shipment for export was converted by the shipper into a domestic shipment. The only difference between this and the former case is that here the goods, after being held at Newport News for more than three months, were shipped by rail to storage centers in Pennsylvania and New Jersey, and, after being held there for more than a year, were shipped across the continent to Wilmington, California, whence they were exported to Calcutta, India. It appears, here, just as clearly as in the former case, that the intention to export to China was abandoned and that the movement which began at Pontiac, Michigan, as an export was converted by the shipper into a domestic shipment. The case, we think, is clearly governed by our former decision and nothing need be added to what was there said.

Appellant insists that there is a difference with respect to its motion to stay proceedings and refer the case to the Interstate Commerce Commission, in that that motion was made in the court below in this case but not in the former one. It is clear, however, that the motion was properly denied. The question was not the reasonableness of rates, which everyone conceded to be reasonable, but which rate was applicable to the shipment under the circumstances of the case, a question which the court was competent to decide. There were before the court no such administrative questions as were involved in United States v. Kansas City Southern R. Co., 8 Cir., 217 F.2d 763, upon which appellant relies. Further-

more, as we pointed out in the prior case, it would not have been a reasonable exercise of discretion to stay proceedings pending action by the Commission where all parties before the court were barred by limitations from asking such action. The court has power to stay proceedings before it pending action by the Commission, but not to refer to the Commission proceedings which the Commission is without power to entertain.

Affirmed.