**UNITED STATES of America,**
**Appellant,**

v.

**The CHESAPEAKE AND OHIO RAIL-**
**WAY COMPANY, Appellee.**

**No. 6998.**

United States Court of Appeals
Fourth Circuit.

Argued March 12, 1957.

Decided April 1, 1957.

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and Melvin Richter, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Meade T. Spicer, J., Richmond, Va., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HOFFMAN, District Judge.

PER CURIAM.

This is the case involving the question as to whether the domestic rate or the export rate should be applied on shipments of automobile parts to Newport News, Va. and intended for export to China via Rangoon, Burma, where the intended exportation was precluded by the fall of Rangoon. We held the domestic rate applicable and affirmed a decision by the District Court in favor of the carrier. United States v. Chesapeake & Ohio R. Co., 4 Cir., 224 F.2d 443. The Supreme Court granted certiorari, 350 U.S. 953, 76 S.Ct. 343, 100 L.Ed. 830, reversed our judgment and remanded the case to us for further proceedings in the light of its opinions in this case and the case of United States v. Western Pacific R. Co. See 352 U.S. 77, 77 S.Ct. 172, 1 L.Ed.2d 140 and 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126. There is nothing in the record before us that was not in the record before the Supreme Court, even when we look to the record in United States v. Chesapeake & Ohio Ry. Co., 4 Cir., 215 F.2d 213; and, since the Supreme Court has said that the case should be determined upon a full record, we shall remand it for further proceedings to the District Court. In view, however, of the holding of the Supreme Court that the reasonableness of the application of a tariff as well as the reasonableness of rates prescribed therein may "involve such acquaintance with rate making and transportation factors as to make the issue initially one for the Interstate Commerce Commission," we think that the District Court should stay proceedings in the case to enable the parties to begin a proceeding before the Commission for the determination of the question as to the application of tariffs involved herein. The judgment below will accordingly be vacated and the case will be remanded for further proceedings not inconsistent herewith.

Judgment vacated and cause remanded with directions.