UNITED STATES of America,
Appellant,

v.

CHESAPEAKE AND OHIO RAILWAY
COMPANY, Appellee.

No. 8013.

United States Court of Appeals
Fourth Circuit.

Argued April 18, 1960.

Decided Aug. 16, 1960.

Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Joseph S. Bambacus, U. S. Atty., Richmond, Va.; and Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., on brief), for appellant.

Strother Hynes, Richmond, Va. (Meade T. Spicer, Jr., Hewitt Biaett and John W. Hanifin, Richmond, Va., on brief), for appellee.

Before HAMLEY,* HAYNSWORTH and BOREMAN, Circuit Judges.

BOREMAN, Circuit Judge.

The United States appeals from a judgment rendered by the United States District Court for the Eastern District of Virginia, Richmond Division, on August 31, 1959, against it and in favor of The Chesapeake and Ohio Railway Company, hereinafter called C & O, in the amount of $9,571.36 for freight transportation charges.

Action was first commenced by the C & O on March 10, 1952, to recover amounts deducted by the United States from charges made by C & O for transportation of equipment intended by the United States for export. Due to world conditions, the shipments were not exported but were reshipped to inland storage points. For early case background, see United States v. Chesapeake & Ohio Ry. Co., 4 Cir., 1955, 224 F.2d 443, and United States v. Chesapeake & Ohio Ry. Co., 4 Cir., 1954, 215 F.2d 213. The dispute involved the claim of the C & O of the right to collect domestic transportation rates, the United States contending that the lower export rates were applicable.

In the District Court, the United States moved for stay and reference to the Interstate Commerce Commission on the question of the reasonableness of the rates. The District Court denied the motion and entered judgment in favor of C & O. On appeal by the Government, this court affirmed, 224 F.2d 443. The

I. Sitting by designation of the Chief Justice.

Supreme Court reversed and remanded the case to this court for consideration and determination on a full record, 1956, 352 U.S. 77, 77 S.Ct. 172, 1 L.Ed.2d 140.

On April 1, 1957, this court vacated the District Court's judgment and remanded the cause with directions to "stay proceedings in the case to enable the parties to begin a proceeding before the [Interstate Commerce] Commission for the determination of the question as to the application of tariffs involved herein." 4 Cir., 242 F.2d 732, 733.

The District Court, by referral order dated May 2, 1957, stayed its proceedings pending a determination by the Commission of the applicability and reasonableness of the rates. The Government filed its petition with the Commission on July 10, 1957. The Commission issued its report on March 24, 1959, determined that the domestic rates charged were applicable and were not unjust or unreasonable and entered its order discontinuing the proceeding. The Government moved for reconsideration, which motion was denied by the Commission on August 11, 1959.

On August 27, 1959, C & O gave notice to the Government that on August 31, 1959, it would apply to the District Court for the Eastern District of Virginia for an order of final judgment agreeable with the ICC order. On August 31, 1959, that being District Judge Hutcheson's last day before entering upon retired status, counsel for both parties appeared before him. The District Court concluded that it was "fitting and proper that the final judgment order entered in this cause on February 10, 1955, and subsequently vacated, * * * be now fully restored and reinstated as a final judgment order of this court." The judgment order shows on its face an endorsement by Government counsel as follows: "I have seen and object to this."

The United States then appealed to this court charging that the District Court erred in failing to stay proceedings while the Government sought independent review of the ICC order in the United States District Court for the District of Columbia, and subsequently moved this court to stay proceedings on appeal asserting that the question as to the right to such independent review was then before the Supreme Court on petition for certiorari in a case styled Pennsylvania R. R. Co. v. United States. On November 27, 1959, the motion for stay was granted. On December 14, 1959, C & O filed a motion to set aside the stay order and on January 22, 1960, the motion was granted and the stay vacated.

Certiorari was granted in Pennsylvania R. R. Co. v. United States on December 14, 1959, 361 U.S. 992, 80 S.Ct. 291, 4 L.Ed.2d 239, and the Supreme Court's decision was handed down on June 13, 1960, 363 U.S. 202, 80 S.Ct. 1131, 4 L.Ed.2d 1165. In that case, the Pennsylvania Railroad had instituted its action in the Court of Claims to recover amounts claimed to be due from the Government on shipments originally intended for export but converted into domestic shipments. The dispute was as to whether the higher domestic rates or the lower export rates were applicable. The Court of Claims suspended proceedings so that the ICC could pass upon the applicability and reasonableness of the rates. The ICC found and reported that the domestic rates were unjust and unreasonable as to sixty-two shipments but as to thirteen shipments the rates were just and reasonable. The Pennsylvania Railroad then invoked jurisdiction of the United States District Court in Pennsylvania under 28 U.S.C. §§ 1336, 1398 and 49 U.S.C.A. § 17 (9) to enjoin and set aside the order, and moved that the Court of Claims stay its proceedings until the District Court could determine the validity of the order. The Court of Claims refused the stay and entered judgment based upon the ICC order. The Supreme Court held:

(1) The ICC order was not a mere advisory opinion and "legal consequences" are obvious, foreclosing the Railroad's right to collect its domestic rates on those shipments;

(2) The Railroad is entitled to have the ICC order judicially reviewed;

(3) The jurisdiction to review is vested exclusively in the District Courts (with no jurisdiction in the Court of Claims);

(4) The order is reviewable by a one-judge rather than a three-judge District Court;

(5) It was the duty of the Court of Claims to stay its proceedings pending review.

■ It follows from the Supreme Court's decision in Pennsylvania R. R. Co. v. United States, supra, that in the case at bar the Government is entitled to review of the ICC order which provides that the higher domestic rates were reasonably applied and "are not shown to have been unjust or unreasonable." But a further question is presented—whether, at the time the lower court reinstated its earlier order and entered final judgment, the United States acted to protect and preserve its right to independent review by a District Court.

■ The official record which came up on appeal throws no light on the proceedings before Judge Hutcheson on August 31. The only record indicating the action there taken is the court's order with the notation thereon of the Government's objection thereto. The mere notation of an objection does not inform us as to the ground of the objection and we cannot determine whether there was any valid basis therefor.

As an appendix to its response to the motion of C & O to set aside the order staying proceedings on appeal and in an attempt to show what transpired at the hearing on August 31, the Government filed with the Clerk of this court the affidavit of an Assistant United States Attorney who appeared on behalf of the Government at the hearing. A motion was subsequently made by C & O to strike this affidavit from the record on appeal. C & O's version of what transpired at the hearing on August 31 is, according to its brief and argument, materially different from Government's version. The Government has done nothing to supplement, amplify or correct the record in the District Court other than to present the affidavit.

■ Rule 75(n) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1] prescribes the procedure to be followed if the Government wished to include the affidavit in the record on appeal. Under that rule the Government could have treated the affidavit as a statement of the proceedings at the hearing, served it upon C & O and submitted it, with C & O's objections or proposed amendments thereto, to the District Court for "settlement and approval." As so settled and approved, the statement would have been included in the record on appeal. Since this procedure was not followed, we decline to accept the affidavit as a supplement to the record.

■ Being of the opinion that the ultimate disposition of the question here presented depends upon a determination of the steps taken by the United States to protect its right to judicial review of the ICC order, we shall follow the provisions of Rule 75(h) of the Federal Rules of Civil Procedure[2] which give this court

---

**1.** "Rule 75.

"Record on Appeal to a Court of Appeals

"(n) Appeals When No Stenographic Report Was Made. In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

**2.** "Rule 75.

"(h) Power of Court to Correct or Modify Record. It is not necessary for the record on appeal to be approved by the district court or judge thereof except as provided in subdivisions (m) and (n) of this rule and in Rule 76, but, if any

the power to direct that a supplemental record be certified and transmitted to this court to correct omissions in the record on appeal.

C & O contends that, under the circumstances here, we are prevented from remitting the record for supplementation under the principle stated in Belt v. Holton, 1952, 90 U.S.App.D.C. 148, 197 F.2d 579. However, at page 581 that court stated that under Rule 75 any differences as to whether the record truly discloses what occurred in the District Court shall be submitted to and settled by that court and the record made to conform to the truth. In the case at hand, C & O challenges the accuracy of the statements contained in the affidavit and the significance which the Government urges should be accorded the unexplained objection endorsed upon the face of the final judgment order.

Accordingly, we shall remit the record to the District Court with the direction that, within thirty days or sooner if conveniently possible, it supplement the record to show what transpired at the hearing before the court on August 31, 1959, either prior or subsequent to the entry of the final order, the ground, if made known to the court, upon which the Government's noted objection was based, and what steps, if any, were taken by the Government to protect and preserve its right to judicial review of the ICC order other than the mere endorsement of objection to the order. When the record has been so supplemented, the Clerk of the District Court is requested to return the same, duly certified. Jurisdiction will be retained by this court to dispose of the appeal, when the record is returned, upon the submission heretofore made, without further briefs or oral arguments unless subsequently ordered.

This procedure is adopted in order to expedite the final disposition of this case and is suggested to us by Beck v. Federal Land Bank of Houston, 8 Cir., 1945, 146 F.2d 623, 624.

Record remitted to the District Court for supplementation and jurisdiction of appeal retained.

difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. All other questions as to the content and form of the record shall be presented to the court of appeals."