MONTGOMERY WARD AND COMPANY, Appellee,

v.

ROY STONE TRANSFER CORPORATION, Appellant.

No. 9217.

United States Court of Appeals Fourth Circuit.

Argued Jan. 8, 1964.

Decided March 11, 1964.

---

Spencer T. Money, Washington, D. C. (M. Harrison Joyce and Joyce & Stone, Martinsville, Va., on brief), for appellant.

John Douglas Clark, Falls Church, Va. (Dalton, Poff & Turk, Radford, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge.

The issue presented by this appeal is whether in this case the Interstate Commerce Commission, rather than the District Court, has primary jurisdiction to determine the meaning of a disputed tariff.

Over a period of time the Roy Stone Transfer Corporation carried furniture shipped from points in Virginia to Montgomery Ward stores in the South. For these shipments, the Transfer company charged the rate prescribed in a tariff designated as 13280. Montgomery Ward contends that the charge should properly have been made under a lower tariff designated as 13220. It claims a refund. The sum directly involved is only $203.11, but other claims are in the offing and the rate applicable to future shipments will be affected by the outcome of this litigation.

The dispute centers around the interpretation of Note 3 to tariff 13220. This reads:

"Note 3—Applicable only as follows: via: * * * Roy Stone Transfer Corporation, on traffic handled direct and in connection with R. P. Thomas Trucking Company on joint-line traffic when moving from points in S. C."

The dispute is as to whether the phrase "when moving from points in S. C." qualifies only what immediately precedes it, namely, "traffic handled * * * in connection with R. P. Thomas Trucking Company," or refers to everything treated in the Note. Montgomery Ward argues that Note 3 is intended to apply the rate under tariff 13220 on all traffic handled direct by Roy Stone Transfer Corporation, *regardless of origin,* and on joint-line traffic handled in connection with R. P. Thomas Trucking Company when moving from points in South Carolina. Roy Stone Transfer Corporation, on the other hand, contends that the Note applies *only on traffic originating in South Carolina,* whether handled direct or on joint-line in connection with R. P. Thomas Trucking Company. The District Court construed Note 3 in accordance with Montgomery Ward's theory.

The Transfer company maintains that the Interstate Commerce Commission, and not the District Court, has primary jurisdiction to interpret the disputed provision. The court, however, undertook to construe Note 3, having concluded that the case "involves simply the meaning of the English language as somewhat awkwardly used in Note 3 above quoted."

The Supreme Court has held that where the question is "solely of law," as in Great Northern R. Co. v. Merchants Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922), the district court has primary jurisdiction to construe a tariff, but, on the other hand, where the issue of tariff construction involves "factors 'the adequate appreciation of which' presupposes an 'acquaintance with many intricate facts of transportation,'" primary jurisdiction lies in the I.C.C. United States v. Western Pacific R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

We think that the District Judge appreciated these rules and attempted to apply them. But it is not clear from the record before us that the factors underlying the difference in rates charged under 13220 and 13280 were brought to his attention. It may be that once these factors are developed, it will become clear whether the court or the I.C.C. should have primary jurisdiction. United States v. Chesapeake and Ohio Ry. Company, 352 U.S. 77, 77 S.Ct. 172, 1 L.Ed.2d 140 (1956); 242 F.2d 732 (4th Cir. 1957). As the matter now stands, the text of Note 3 is ambiguous. The litigants urge readings as though a comma were inserted, but they disagree where it should be placed. Without disclosure of the factors underlying the tariff, the court is without guidance in making a choice between the alternative readings. With the exposition of the possible factors, the court, without undertaking to assess them finally, will be in a position to say whether these factors involve specialized knowledge which only the I.C.C. possesses. On this record we are unable to determine with certainty whether or not there should have been a referral to the Commission.

Accordingly, the judgment will be vacated and the case remanded for further proceedings not inconsistent with this opinion.

Judgment vacated and cause remanded with directions.