The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Ruby Jean MORROW, Appellee.**

**No. 21056.**

United States Court of Appeals Fifth Circuit.

Dec. 14, 1964.

John McBryde, Howard Barker, Fort Worth, Tex., for appellant, Cantey, Hanger, Gooch, Cravens & Scarborough, Fort Worth, Tex., of counsel.

Nelson Scurlock, Joe H. Eidson, Jr., Fort Worth, Tex., for appellee, Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Tex., of counsel.

Before BROWN and WISDOM, Circuit Judges, and ESTES, District Judge.

PER CURIAM.

Appellee obtained a judgment below as beneficiary of her deceased husband, Frederick O. Morrow, under a "group

life insurance contract" issued by Appellant to American Motor Sales Corporation and providing life insurance coverage for "owners" of "qualified" franchise dealerships. Appellee's husband was afflicted with terminal cancer on August 15, 1961, the date his dealership became "qualified", and died therefrom on October 5, 1961.

As a condition precedent to eligibility for coverage,[1] the policy provided that the "owner" be "actively engaged in the operation" of the dealership on the date it became "qualified". If Mr. Morrow was an eligible "owner" but "absent from work due to illness" on August 15, 1961, then coverage under the policy as to him would commence as of the date of his "return to work". However, if he was not an eligible "owner" on August 15, 1961, then under the policy he could not possibly have become covered before his death, which was prior to the next "plan quarter" commencing November 1, 1961.

The issues of fact essential to recovery under the policy and raised by the evidence[2] were correctly stated in the Pretrial Order, as follows:

"(1) Whether or not on August 15, 1961 Frederick O. Morrow was actively engaged in the operation of the dealership, within the meaning and contemplation of the group policy.

"(2) Whether or not Frederick O. Morrow was absent from work due to illness, within the meaning and contemplation of the group policy, on August 15, 1961.

"(3) Whether or not Frederick O. Morrow returned to work, within the meaning and contemplation of the group policy, at any time from August 15, 1961, until his death on October 5, 1961."

Special issues in substantially identical language were requested in writing by appellant; and appellant duly preserved its objection to the court's charge for failure to submit such issues for jury determination.

The interrogatories submitted to the jury by the trial court, and the jury's answers thereto, were as follows:

"INTERROGATORY NO. 1:

"Do you find from a preponderance of the evidence that Frederick O. Morrow was actively engaged and at work in the operation of the French and Morrow Rambler sales dealership on August 15, 1961?

\*　\*　\*　\*　\*　\*

"ANSWER: He was not.

\*　\*　\*　\*　\*　\*

"INTERROGATORY NO. 2:

"Do you find from a preponderance of the evidence that Frederick O. Morrow returned to work as one of the owners in the French and Morrow Rambler sales dealership after August 15, 1961?

\*　\*　\*　\*　\*　\*

"ANSWER: He did."

Each party contends for a different interpretation of the jury's single answer—"He was not"—to Interrogatory No. 1, asking whether Mr. Morrow "was actively engaged *and* at work" in the operation of the dealership. At best, this interrogatory was duplicitous and confusing. The jury's answer is neither a clear finding that Mr. Morrow "was not actively engaged \* \* \*" nor that he "was not at work \* \* \*"

Since it was essential to plaintiff's recovery to obtain a clear and unequivocal jury finding on the disputed issues: (1) whether Frederick O. Morrow was actively engaged in the operation of the dealership on August 15, 1961, (2) whether Frederick O. Morrow was absent from work due to illness on August 15, 1961, (3) whether Frederick O. Morrow returned to work at any time from August 15, 1961 and prior to his death on October 5, 1961; and since issues (1) and (2) were not properly submitted,

---

1. Carp v. California Western States Life Insurance Co., (5 Cir., 1958) 252 F.2d 337.

2. Standard Oil Co. v. Foster (5 Cir., 1960), 280 F.2d 912.

the court erred in refusing to submit such matters and in rendering judgment for appellee on the jury verdict returned.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.