The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Appellant,

v.

Ruby Jean MORROW et al., Appellees.

No. 23030.

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1966.

As Amended on Denial of Rehearing
Dec. 21, 1966.

———◇———

Sloan B. Blair, Howard Barker, Fort Worth, Tex., for appellant. Cantey, Hanger, Gooch, Cravens & Scarborough, Fort Worth, Tex., of counsel.

Nelson Scurlock, Fort Worth, Tex., for appellees. Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Tex., of counsel.

Before JOHN R. BROWN, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM.

After remand of this case following our earlier reversal, Prudential Ins. Co. of America v. Morrow, 5 Cir., 1964, 339 F.2d 411, the Court on the second trial submitted the three definitive issues. On a special verdict, F.R.Civ.P. 49(a), the jury found that the Assured Morrow was "actively engaged in the operation of" the automobile dealership, and that he was not "absent from work due to illness" on the critical date, August 15, 1961, and that he, in effect, had made a "return to work."

Although our earlier reversal flowed from a confusion of the two distinctive issues into the framework of a single jury interrogatory, we think it was inescapable that against the attack by the Insurer we necessarily determined that the evidence was sufficient to sustain a verdict for the Assured's beneficiaries. That severely narrows our inquiry on the second appeal. The record is substantially the same as on the

former trial. In view of that, our rule of the law of the case commits us to the earlier decision. Lincoln National Life Ins. Co. v. Roosth, 5 Cir., 1962, 306 F.2d 110 (en banc).

 That certainly is so as to the "actively engaged in the operation of the dealership" issue. Considering that the Assured was a 50% owner of the corporate dealership, the many important activities carried on by him at his home, by telephone, by conference and the like, were quite adequate. As to the "absent from work due to illness or injury" and "return to work" issues, the sufficiency of the evidence turns on the proper legal standard of what constitutes "work" and absence from or return "to work."

If, as urged by the Insurer in its requested charges, it means the doing of the usual and customary tasks performed at the usual and customary place just prior to the onset of the terminal cancer, the Assured would fail. There is much plausibility to such a reading, especially taking into account the hope, if not purpose, of the being at "work" requirement as a loose, non-medical demonstration of insurability under a program calling for neither medical examination nor warranty of good health. Rabinovitz v. Travelers Ins. Co., 1960, 11 Wis.2d 545, 105 N.W.2d 807. But from the very nature of this policy requirement it is plain that for the usual good health standards the Insurer refers to the judgment of the employer as the Group Assured. What a person does or is to do, where or how often he is to do it is for the employer to determine. Consequently if the employee is doing what the employer desires him to do at the times and places fixed by the employer, the employee is at "work" and is not "absent from work."

 This standard is adequately met to sustain the jury finding. It is not undermined by the fact that as a 50% owner of the dealership active in its management, the Assured had it in his power to determine what the employer exacted of the employee. The likelihood of this occurring must have been obvious in a group policy expressly designed to insure an "Owner of a Dealership."

The trial Court was correct in refusing the Insurer's requested jury instruction. This leaves only the tag end of attorney's fees. Under the circumstances, we conclude the award is authorized and ample for all services to date.

Affirmed.