**UNITED STATES of America**

**v.**

**Gonzalo VALDES, Defendant.**

**No. 67 Cr. 805.**

United States District Court
S. D. New York.

Feb. 15, 1968.

Robert M. Morgenthau, U. S. Atty., by John R. Wing, Asst. U. S. Atty., Southern District of New York, New York City, for plaintiff.

Arthur H. Miller, Brooklyn, for defendant.

MOTLEY, District Judge.

Defendant was charged in a four count indictment with a violation of the marihuana and narcotic laws. 21 U.S.C. §§ 173, 174, 176a. Specifically, defendant was charged with the sale of heroin and the receipt of cocaine and marihuana. On the day of trial, defense counsel moved to suppress the seized marihuana and cocaine on the ground that they were the result of an illegal search. The government resisted the motion on two grounds: 1) it was untimely; and 2) the seizure was pursuant to a lawful search incident to arrest. The first ground for denial of the motion was rejected; the second ground was accepted after a hearing on the motion before trial, at which time the court announced it would file this memorandum of decision.

■ Rule 41(e), Fed.R.Crim.P., authorizes a motion to suppress illegally obtained evidence. However, the rule specifies that, "The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing." Another rule, Rule 12(b) (3), Fed.R.Crim.P., provides that motions " * * * shall be made before the plea is entered, but the court may permit it to be made within a reasonable

time thereafter." The judge in the Criminal Motions Part of this Court specified the time within which motions should be made by defendant Valdes. Upon the inability of Valdes' counsel to meet that time limitation, the period was extended. Again defense counsel failed to file a timely motion. Although in view of these extensions, defendant might be foreclosed from now moving to suppress, defense counsel has presented to the court a sufficient justification for allowing this motion. The court has been advised by defense counsel's affidavit, and the government does not controvert this advice, that an unusual series of recent burglaries and a fire in the law office of defendant's counsel prevented the timely preparation and presentation of defendant's motion. For the foregoing reason, the motion may be made although not timely filed.

On September 8, 1967, four federal agents, two working in an undercover capacity, gained entrance to an apartment where Valdes was then residing with a lady friend. The two agents who appeared in their undercover capacity gained admittance first, followed by the two arresting officers. Valdes was arrested without a warrant. As a result of a search of the apartment which accompanied the arrest, the agents discovered a glassine envelope containing 22.7 grams of cocaine and two packages totaling 1,025 grams of marihuana. This damaging evidence is the subject of this suppression motion.

■ Since the government sought to justify the search as an incident to an arrest without a warrant, it was incumbent upon the government to establish the existence of probable cause for the arrest and to vindicate the search as an incident to arrest. United States v. Rivera, 321 F.2d 704 (2d Cir. 1963). After the hearing on defendant's motion, the court found that there was probable cause for the arrest, that the search which occurred was an incident thereto, and that the search was reasonable under the circumstances.

■ Upon the hearing, three government agents testified. The first agent, Ungefer, testified that Valdes had made a sale of 32.15 grams of heroin to him on the night of July 20, 1967, and a sale of 24.3 grams of heroin on the night of August 1, 1967. These sales occurred in the apartment where Valdes was living. The second and third agents corroborated Ungefer's testimony with respect to the two sales to the extent that their surveillance activities and participation in the testing of the heroin which followed each sale permitted. Valdes was arrested about a month after the second sale when Ungefer again gained admission to the apartment after a conversation on the telephone with Valdes. During this telephone conversation, Valdes told Ungefer he had no heroin but had cocaine and marihuana. After securing the assistance of three other agents which took a couple of hours, Ungefer and these agents went to the apartment and made the arrest. The facts in this case established that there was ample probable cause to arrest. cf. United States v. Costello, 381 F.2d 698 (2d Cir. 1967).

At the time of the arrest, a search of the apartment produced one large brown paper package of marihuana, one smaller package of marihuana, and a small package of cocaine.

Defendant claims first that this was not a search incident to an arrest since the government's testimony established that Valdes had made two alleged sales five weeks prior thereto; consequently, the delay in arresting defendant permits an inference that the arrest was a subterfuge for a search. Secondly, defendant says, the agents had time to get a search warrant after the telephone call. Thirdly, defense counsel pronounces the search as unlawful because, he claims, a search incident to an arrest is limited to a search of the person arrested and may not include the apartment, especially where, as here, there was no testimony that the apartment was under Valdes' control.

Valdes and his lady friend lived in a common law relationship in the apartment. The search, according to Valdes' lady friend, started with Valdes, moved from him to the living room-kitchen, and then to the two bedrooms where her two young children were asleep. Her testimony was that the search of the small apartment included a search through chests, tables and bureau drawers, lasting for three full hours. According to the agents, the living room-kitchen combination where Valdes was arrested was searched and a chest of drawers within the living room which yielded the marihuana was searched. The cocaine, the agents testified, was found near defendant's feet while he was standing in the living room. A search of the rest of the apartment did not lead to the discovery of any other narcotics. The agents further testified that the total time involved in the search was at most, three quarters of an hour.

■ Defendant's claim that the arrest was a subterfuge for a search of the apartment cannot be sustained. cf. United States v. Costello, supra. In *Costello*, a narcotics agent had transactions with a co-defendant and had witnessed defendant and co-defendant transfer money and papers following one transaction. The arrest was delayed for 26 days. The arrest was without a warrant, the search was without a warrant, the apartment was searched, and the narcotics were found in a skate case in a bedroom closet. The court specifically held that a search following an arrest does not compel the inference that the primary purpose of the arrest was to permit an otherwise unauthorized search, 281 F.2d 700–701, citing United States v. Robinson, 325 F.2d 391 (2d Cir. 1963). The court in *Costello* also held that delay is a factor to consider in determining whether the arrest is a mere pretext for a search, Id. at 701, but made clear that the delay may be justified by other considerations. In that case, the court found the delay justified by three factors: 1) the agents initial confusion as to Costello's identity, 2) the quest for more evidence and 3) the broad discretion which narcotics agents have in timing their arrests. In the instant case, it is also clear that Ungefer was looking for maximum evidence and using the discretion allowed him. The arrest here, therefore, was not a pretext for the search.

■ There was an additional factor here which validated the arrest and search. When Ungefer called Valdes he learned from the telephone call that Valdes had cocaine and marihuana in the apartment. This information also gave Ungefer probable cause for the arrest, at that point, and under these circumstances no warrant was necessary either for the arrest or the search incident thereto. United States v. McMillan, 368 F.2d 813 (2d Cir. 1966), cert. denied, 386 U.S. 909, 87 S.Ct. 856, 17 L.Ed.2d 783; 26 U.S.C. § 7607.

■ A search, which was incidental to an arrest based upon probable cause, of the desk, safe, and file cabinets in the room where a defendant was arrested and which lasted about 1½ hours has been upheld. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). A five hour search of a four room apartment under the control of the person arrested has been held reasonably incident to an arrest with a warrant. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). Valdes was living in the apartment here searched. Moreover, Valdes told Ungefer on the phone that he had marihuana and cocaine in the apartment. There is an extensive discussion of the cases in United States v. Francolino, 367 F.2d 1013 (2d Cir. 1966) * which upheld the search of a car outside the house where defendant was arrested as reasonably incident to the arrest. There the search was upheld on the ground that the validity of the search should be resolved by the answer to the question whether there was fair basis for belief

* Cert. denied, 386 U.S. 960, 37 S.Ct. 1020, 18 L.Ed.2d 110 (1967).

that the place searched—whether inside the house or immediately outside it—would contain instruments or fruits of the crime for which the arrest was made. Id. at 1017. Defendant's claims are not supported by the facts in this case or the authorities.

The motion to suppress is denied.