**Jake GUTELIUS, Plaintiff,**

v.

**UNITED STATES of America, and Motomco, Incorporated, Defendant.**

**Civ. A. No. 436–69–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Jan. 12, 1970.

Brydges, Broyles & McKenry, James E. Brydges, Jr., Virginia Beach, Va., for plaintiff.

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for the United States.

White, Reynolds, Smith & Winters, Allan S. Reynolds, Norfolk, Va., for Motomco, Inc.

KELLAM, District Judge.

The plaintiff brought an action in this Court against the defendants alleging that the defendants have caused the plaintiff's business to suffer serious financial loss because of their negligence and material misrepresentations. The defendant, Motomco, Incorporated, filed a petition for indemnity against co-defendant, the United States, and the United States has filed a cross-claim against co-defendant, Motomco, Incorporated. The action brought against the United States by the plaintiff is based upon the Federal Tort Claims Act, Title 28, § 2674 and § 1346(b). The United States has filed a motion to dismiss the complaint with respect to it because the plaintiff failed to present his claim to the appropriate administrative agency as required by Title 28 U.S.C.A. § 2675(a) of the United States Code. That section, as amended in 1966, in part provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing * * *.

That section also provides that a failure of the agency to make a final disposition of the claim within six months after it is filed shall, at the option of claimant, be deemed a denial for purposes of the section. The clear language of the amended statute as contrasted with language of the statute prior to amendment makes it clear that filing an administrative claim is now a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act. Beavers v. United States, 291 F.Supp. 856 (S.D.Texas, 1968). Such a conclusion is amply supported by the legislative history accompanying the amendment. U.S. Code Cong. and Ad.News, p. 2515 (1966).

Since it is clear an action cannot be maintained against the United States for money damages for injury or loss of property caused by an alleged negligent act or omission of any employee of the United States unless the claim has first been presented to the appropriate Federal agency, and this claim admittedly has not been presented to the appropriate Federal agency, plaintiff does not have a standing to prosecute this suit.

The United States also raises the issue of the statute of limitations. Pursuant to the provisions of Title 28, § 2401(b), a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." While it appears that the claim attempted to be asserted against the United States in this action arose prior to September 1, 1967, some of the allegations concerning the claim attempted to be asserted are not full or clear. To sustain the plea at this time might be premature. It would appear that plaintiff should be permitted to further plead in this regard. If the plaintiff's claim accrued more than two years ago, then it is too late to submit it to the appropriate Federal agency in conformity with Title 28, § 2401(b).

If the claim may now be presented to the appropriate Federal agency, it may be appropriate to stay this cause pending action by that agency. If the time for filing with the agency has already expired, then it would not be "a reasonable exercise of discretion to stay [the] proceedings pending action of the" agency, and plaintiff is "barred by limitations from asking such action." United States v. Chesapeake and Ohio Railway Co., 224 F.2d 443, 445 (4th Cir.1955).

While the question has not yet been raised in the pleadings, there is grave doubt the complaint states a cause of action against the United States which can be maintained under Title 28, § 1346(b). Clearly paragraph 14 is based upon misrepresentation, fraud and deceit. Title 28, § 2680(h) prohibits an action under Chapter 171, Title 28, § 2671, etc., and Title 28, § 1346(b) [Federal Tort Claims Act] for misrepresentation, fraud or deceit. United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); United States v. Croft-Mullins Electric Co., 333 F.2d 772 (5th Cir.1964); Ingham v. Eastern Air Lines, Inc., 373 F.2d 227 (2d Cir.1967), cert. denied United States v. Ingham, 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292; Smith v. United States, 333 F.2d 70 (10th Cir.1964). Section 2680(h) comprehends claims "arising out of negligent as well as deliberate misrepresentation." United States v. Neustadt, supra [366 U.S. 702, 81 S.Ct. 1298].

Accordingly, the Court will withhold any ruling on the motion to give plaintiff twenty days from this date to file a more definite statement of his claim, and when it accrued.