**DAVIDSON TRANSFER & STORAGE CO., Inc.,**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

**Civ. No. 10433.**

United States District Court
D. Maryland.

Aug. 15, 1958.

---

Bryce Rea, Jr., and Watkins & Rea, Washington, D. C., and S. R. Kallins, Baltimore, Md., for Davidson Transfer & Storage Co., Inc.

Victor R. Hansen, Asst. Atty. Gen., Leon H. A. Pierson, U. S. Atty., Baltimore, Md., and James E. Kilday and Colin A. Smith, Attys., Dept. of Justice, for the United States.

Robert W. Ginnane, Gen. Counsel, and B. Franklin Taylor, Jr., Asst. Gen. Counsel, Interstate Commerce Comm., Washington, D. C., for Interstate Commerce Commission.

ROSZEL C. THOMSEN, Chief Judge.

This is a suit brought to set aside and annul the findings and conclusion of the Interstate Commerce Commission in its report and order in United States v.

Davidson Transfer & Storage Co., Inc., et al., Docket No. MC–C–1849, 302 I.C.C. 87.

The questions before me at this time are: (1) Is a suit to review that order properly brought in this district? (2) If so, should the case be heard by a regularly constituted court of one judge or by a three-judge court constituted pursuant to 28 U.S.C.A. § 2284?

On February 12, 1955, plaintiff filed suit in the District of Columbia against the United States under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), to recover amounts allegedly due it for transportation services rendered the United States. In its answer the United States alleged, among other things, that the rates at which the transportation charges were computed were unjust and unreasonable. On August 1, 1955, the United States filed a complaint with the Commission seeking a determination of the justness and reasonableness of the rates upon which the freight charges in the District of Columbia action were calculated, to aid the District of Columbia court in resolving the reasonableness issue. Thereafter, that court granted a motion by the United States to stay the pending action.

After appropriate proceedings, the Commission issued its report, dated October 14, 1957, concluding that it could determine the issue of reasonableness in aid of the pending court action, and finding that the rates were unreasonable to the extent that they exceeded certain other rates referred to in the report. The Commission issued an order, bearing the same date, discontinuing the proceeding. On February 19, 1958, the Commission entered an order denying reconsideration.

On March 24, 1958, plaintiff brought the present action in this court. The United States and the Commission filed separate answers. The United States admitted that this court has jurisdiction to review the Commission's action, but alleged that a regularly constituted district court of one judge and not a three-judge court should hear the case.

The Commission denied that this court has jurisdiction, contending that the Commission's determination is not an order within the meaning of any act authorizing separate suits in the district courts to set aside Commission orders, and that plaintiff has an adequate legal remedy in the suit in the District of Columbia. The Commission further alleged that if this court has jurisdiction to review the Commission's action, one judge should hear the case.

Plaintiff contends that a three-judge court should be convened to consider the question of jurisdiction as well as the merits of the case.

█ The Commission's order is subject to judicial review. 49 U.S.C.A. §§ 17(9), 305(b); 5 U.S.C.A. § 1009. See also United States v. Interstate Commerce Commission, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451; Frozen Food Express v. United States, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 730. The extent of the review need not be decided at this time. The question for determination is the proper forum for such review.

█ When a complaint requesting that a three-judge court be convened is presented to a district judge, it is his duty to examine the pleadings to see if the district court has jurisdiction and whether it is a case which calls for the convening of a three-judge court. Jacobs v. Tawes, D.C.D.Md., 151 F.Supp. 770, affirmed 4 Cir., 250 F.2d 611. If the case is one which must be heard on the merits by a three-judge court, a single judge should not dismiss for lack of jurisdiction unless such lack clearly appears from the pleadings. On the other hand, the single judge should be sure that the case is one which requires the convening of a three-judge court before setting in motion the cumbersome machinery involved in such a proceeding.

1. 28 U.S.C.A. § 1336 provides: "Except as otherwise provided by act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul and suspend, in whole or in part, any order of

the Interstate Commerce Commission." Sec. 1398 of that title provides: "Except as otherwise provided by law, any civil action to enforce, suspend or set aside in whole or in part an order of the Interstate Commerce Commission shall be brought only in the judicial district wherein is the residence or principal office of any of the parties bringing such action."

Davidson is a Maryland corporation with its principal office in Baltimore and is the sole party bringing the action. Accordingly, if the action is properly brought under sec. 1336, it is properly brought in the District of Maryland.

Counsel for the Commission contend, however, that the order of the Commission was merely an ancillary step in the pending contract action brought by plaintiff against the United States in the District of Columbia; that in making the findings with respect to past reasonableness, the Commission was simply facilitating the conduct of that action by making special findings on an issue involved therein, findings which were within the special competence of the Commission and which the court action was stayed to receive. Counsel for the Commission argue that its findings and order have no force and effect separate and apart from the pending contract action in the District of Columbia, and should be reviewed by that court.

Those contentions cannot be reconciled with the requirement of 28 U.S.C.A. § 1398 that any suit to set aside an order of the Commission "shall be brought only in the judicial district wherein is the residence or principal office" of a party bringing the action.

A large proportion of the cases brought by carriers against the United States under the Tucker Act are brought in the Court of Claims. Cases of a similar nature frequently are filed in state courts for recovery of transportation charges. When the question of reasonableness is raised, those courts often stay the action so that a determination of that question may be obtained from the Commission.

It appears that the Court of Claims has no jurisdiction to review orders of the Commission; United States v. Jones, 336 U.S. 641, at pages 671, 672, 69 S.Ct. 787, at pages 802, 803, 93 L.Ed. 938. Certainly a state court lacks jurisdiction to review or set aside an order made by a Federal agency. Only the United States district court in the judicial district where the plaintiff resides or has his principal office has adequate jurisdiction in such a case.

The report and order of the Commission, 302 I.C.C. 87, dealt with the complaints of four commercial shippers against motor carriers other than Davidson, concerning different charges, on shipments of different commodities, between different points, as well as the controversy between the Government and Davidson involved in the District of Columbia case.

Uniformity of procedure is desirable, and can best be achieved by instituting proceedings to review Commission decisions and orders in conformity with 28 U.S.C.A. § 1398. In such cases, parties in interest to the proceedings before the Commission in which the order was made may appear, 28 U.S.C.A. § 2323, thus avoiding a multiplicity of actions to review the same order in different judicial districts.

I conclude that the statutory scheme, practical considerations, and the trend of the decisions in the Supreme Court, all require this court to retain jurisdiction over this action.

2. The answer to the question whether the case should be heard by a single judge or by a three-judge court hinges largely on the meaning of 28 U.S.C.A. § 2321 which exempts "actions to enforce, suspend, enjoin, annul or set aside * * * any order of the Interstate Commerce Commission * * * for the payment of money" from the three-judge procedure. See also 28 U.S. C.A. §§ 1336, 2284, 2325.

It is true that the assailed order is not a direct order for the payment of money, nor was the proceeding before the Com-

mission one for an award of money damages. Indeed, the Commission has no power to order the payment of money under Part II of the Interstate Commerce Act. But the order concerns, is related and pertains to, a claim for the payment of money.

In United States v. Interstate Commerce Commission, 337 U.S. 426, 69 S. Ct. 1410, 93 L.Ed. 1451, the United States had filed a complaint with the Commission against a number of railroads, alleging that certain charges were unjust, unreasonable, and discriminatory in violation of the Interstate Commerce Act, and asking the Commission to award reparation under 49 U.S.C.A. §§ 8, 9. The Supreme Court held that the Commission's order denying reparations should be reviewed by a one-judge district court and not by a three-judge court. It traced the history of the Urgent Deficiencies Act and the three-judge court procedure. It noted that the Urgent Deficiencies Act derived from a 1910 enactment creating the Commerce Court and providing for direct appeals from that tribunal to the Supreme Court for the purpose of expediting final determination of the validity of certain types of Commission orders of widespread interest, such as rate orders. It indicated that the same considerations apply to the three-judge court procedure, and that orders relating merely to the payment of money, including reparation orders are not likely to be of sufficient public importance to justify use of the three-judge procedure. Finally, 337 U.S. at page 443, 69 S.Ct. at page 1419, the Court said:

"While the Government here does not seek enforcement of a Commission order for the payment of money, the root of the controversy concerns the payment of money damages under 49 U.S.C. §§ 8, 9, 49 U.S.C.A. §§ 8, 9. Had the Commission made an award to the Government it could have filed a civil suit to recover money damages under the provisions of 49 U.S.C. § 16(2), 49 U.S.C.A. § 16(2). That section provides that such a suit 'shall proceed in all respects like other civil suits for damages * *' —that is, before one district judge. And an appeal from a judgment in such a case goes to the Court of Appeals. The same one-judge trial and appeal procedure available for enforcement of an award order would appear to be an equally appropriate and adequate tribunal for adjudication of validity of a Commission order denying reparations. For actions to enforce Commission orders awarding reparation, and actions to challenge Commission orders denying reparations, basically involve the same parties, the same disputes, the same claims for money damages, and the same statutes. We think the orders in both instances should be reviewed in the same one-judge tribunal.

"We have frequently pointed out the importance of limiting the three-judge court procedure within its expressly stated confines. We are confident that in holding that one judge rather than three should entertain cases challenging Commission reparation orders we interpret the congressional expediting procedure and the Interstate Commerce Act in accordance with their basic purpose."

The Tucker Act suit in the District of Columbia is one for the payment of money damages. The proceeding before the Commission was in aid of that litigation. Therefore, the action in this court to review the order of the Commission "concerns the payment of money damages". Neither the Tucker Act case nor the case in this court has any "unusual public interest" which calls for expedition over other cases or for a direct appeal to the Supreme Court.

The case at bar falls into the pattern of cases which do not require the three-judge procedure. It may be determined by a single judge.