# PENNSYLVANIA RAILROAD CO. *v.* UNITED STATES.

No. 451.   Argued May 17, 1960.—Decided June 13, 1960.

*Hugh B. Cox* argued the cause for petitioner.   With him on the brief was *William F. Zearfaus.*

*Assistant Attorney General Doub* argued the cause for the United States.   With him on the brief were *Solicitor General Rankin* and *Alan S. Rosenthal.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This case involves the power of District Courts to review Interstate Commerce Commission orders determining the reasonableness of rates.

In 1941 and 1942 the United States made 75 shipments of iron and steel over the Pennsylvania Railroad intended for export from the port of New York to Great Britain. War conditions prevented exportation from New York. This caused a dispute about applicable transportation charges since the Pennsylvania had in effect tariffs for "domestic rates" that were higher than "export rates." Since the goods were not exported as planned the Railroad billed the United States for the higher domestic rates which the Government paid because required to do so by § 322 of the Transportation Act of 1940, 54 Stat. 955, 49 U. S. C. § 66. Later, under authority of the same section, the General Accounting Office deducted from other bills due the Railroad the difference between the higher and lower rates, claiming that the higher domestic rates were inapplicable, unreasonable and unlawful. The Railroad then brought this action in the Court of Claims to recover the amount deducted.

Properly relying on our holding in *United States* v. *Western Pacific R. Co.*, 352 U. S. 59, 62–70, the Court of Claims suspended proceedings to enable the parties to have the Interstate Commerce Commission pass on the reasonableness of the rates. After hearings the Commission found and reported that the domestic rates were "unjust and unreasonable" as to 62 of the shipments but "just and reasonable" as to 13. 305 I. C. C. 259, 265. The Railroad then took two steps to challenge that part of the order adverse to it: (1) it invoked the jurisdiction of a United States District Court in Pennsylvania under 28 U. S. C. §§ 1336, 1398, and 49 U. S. C. § 17 (9) to enjoin and set aside the order; and (2) it moved that the Court of Claims stay its proceedings until the District Court could pass upon the validity of the order. The United States objected to further stay in the Court of Claims and asked for dismissal of the case or judgment

in its favor. It urged in support of dismissal that the Railroad had deprived the Court of Claims of jurisdiction when it filed the District Court action to enjoin the Commission order because 28 U. S. C. § 1500 declares that "The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . ." The Court of Claims rejected this contention and its action in this respect is not challenged here.

The United States argued in support of its motion for judgment that the order of the Commission did not require anything to be done or not done, that it was therefore an advisory opinion only, and consequently not the kind of "order" subject to review by 28 U. S. C. § 1336, 49 U. S. C. § 17 (9), or any other provision of law. The contention of the United States was that although the Court of Claims was compelled to submit the question of the reasonableness of the rates to the Commission, neither that court nor any other court had power to review the Commission's determination. The Court of Claims agreed with this contention of the United States, accordingly refused to stay the case for the District Court to pass on the validity of the order, and entered judgment for the Railroad for only $1,663.39, which the Commission had held to be recoverable, instead of the $7,237.87 which the Railroad claimed. The result is that the Railroad has been held bound by the Commission's order although completely denied any judicial review of that order. We granted certiorari to consider this denial. 361 U. S. 922.

The Railroad contends that it was error for the Court of Claims to refuse to stay its proceedings while the District Court reviewed the Commission's order. The Solicitor General concedes here that this was error. We reach the same conclusion on the basis of our independent con-

sideration of the record. We decided some years ago that while a mere "abstract declaration" on some issue by the Commission may not be judicially reviewable, an order that determines a "right or obligation" so that "legal consequences" will flow from it is reviewable. *Rochester Telephone Corp.* v. *United States,* 307 U. S. 125, 131, 132, 143. The record shows that the Commission order here meets this standard. The Commission found that the Railroad's domestic rates were "unreasonable" as to 62 shipments. This order is by no means a mere "advisory opinion," its "legal consequences" are obvious, for if valid it forecloses the "right" of the Railroad to recover its domestic rates on those shipments. We have held that judicial review is equally available whether a Commission order relates to past or future rates, or whether its proceeding follows referral by a court or originates with the Commission. *El Dorado Oil Works* v. *United States,* 328 U. S. 12.

For these reasons we conclude that the Railroad was entitled to have this Commission order judicially reviewed. We have already determined, however, that the power to review such an order cannot be exercised by the Court of Claims. *United States* v. *Jones,* 336 U. S. 641, 651–653, 670–671. That jurisdiction is vested exclusively in the District Courts. 28 U. S. C. § 1336, 49 U. S. C. § 17 (9). See *Seaboard Air Line R. Co.* v. *Daniel,* 333 U. S. 118, 122. Moreover, this order is properly reviewable by a one-judge rather than a three-judge District Court because it is essentially one "for the payment of money" within the terms of 28 U. S. C. §§ 2321 and 2325, which exempt such orders from the three-judge procedure of 28 U. S. C. § 2284. *United States* v. *Interstate Commerce Comm'n,* 337 U. S. 426, 441, 443. It necessarily follows, of course, that since the Railroad had a right to have the Commission's order reviewed, and

only the District Court had the jurisdiction to review it, the Court of Claims was under a duty to stay its proceedings pending this review.

Other questions argued by the Government are not properly presented by this record.

It was error for the Court of Claims to render judgment on the basis of the Commission's order without suspending its proceedings to await determination of the validity of that order by the Pennsylvania District Court.

*Reversed.*