**KELLER INDUSTRIES, INC., et al., Plaintiffs,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

**Civ. A. No. 1414.**

United States District Court
N. D. Florida,
Tallahassee Division.
July 22, 1969.

---

10. See Hardwicke, *supra.*

Prunty, Olsen & Slotnick, Miami, Fla., for plaintiffs. ·

Richard W. McLaren, Asst. Atty. Gen., Department of Justice, Washington, D. C., John H. D. Wigger, Atty., Department of Justice, Washington, D. C., Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for defendant, United States of America.

Fritz R. Kahn, Acting General Counsel, Interstate Commerce Commission, Raymond M. Zimmet, Atty., Interstate Commerce Commission, Washington, D. C., for defendant, Interstate Commerce Commission.

Ford L. Thompson, Tallahassee, Fla., Rea, Cross & Knebel, Washington, D. C., for intervening defendants, National Motor Freight Traffic Ass'n, Inc., Common Carrier Conference Irregular Route, and Regular Common Carrier Conference.

Todd, Dillon & Sullivan, Washington, D. C., Douglass & Booth, Tallahassee, Fla., for intervening defendant, Contract Carrier Conference of American Trucking Ass'ns, Inc.

Prentice Pruitt, Florida Public Service Commission, Tallahassee, Fla., for Florida Public Service Commission.

Before SIMPSON and CARSWELL, Circuit Judges, and ARNOW, Chief Judge.

PER CURIAM.

### ORDER OF REMAND

To put this matter in full perspective it is necessary to allude briefly

to the overall background of this litigation. In 1965 the United States District Court for the Northern District of Florida stayed two pending civil actions in its Tallahassee Division, Nos. 1098 and 1103, Keller Industries, Inc. v. Edwin L. Mason et al., whereby the jurisdiction of the State of Florida was questioned. The stay order directed that the court would retain jurisdiction while referring certain issues in those cases to the Interstate Commerce Commission for initial determination. The Commission has now decided those issues in Keller Industries, Inc.—Declaratory Order, 103 M.C.C. 520 (1967), aff'd, 107 M.C.C. 75 (1968), discontinued its proceedings, and forwarded a certified copy of its reports and orders to the referring court. Accordingly, pursuant to the provisions of 28 U.S.C. §§ 1336(b) and 1398(b), the referring one judge district court, rather than a three judge district court, has exclusive jurisdiction to review the Commission's reports and orders in question.

Subsequently, the instant complaint was filed on May 17, 1968 wherein there was a prayer for the invocation of a three judge district court. This complaint raises basically the same issues encompassed by the earlier one judge cases. As is frequently the case—and unfortunately so—the full procedure to convoking a three judge district court was called into play and this three judge district court was convoked by order of the Chief Judge of the Fifth Circuit. From its very inception this Court has questioned its own jurisdiction. This threshold question of jurisdiction has plagued the efficient administration of justice for many years. Statutory provisions were enacted by Congress and added to the Judicial Code on August 30, 1964 by Public Law 88–513. The pertinent portions read:

"(b) When a district court or the Court of Claims refers a question or issue to the Interstate Commerce Commission for determination, the court which referred the question or issue shall have exclusive jurisdiction of a civil action to enforce, enjoin, set aside, annul, or suspend, in whole or in part, any order of the Interstate Commerce Commission arising out of such referral."

Prior to the enactment of this statute whenever the Court of Claims or District Court referred the issue to the Interstate Commerce Commission for a resolution, the Commission order emanating therefrom was subject to judicial review by a three judge district court, pursuant to 28 U.S.C. §§ 1336, 1398, 2284, 2321–2325, rather than by the referring court. Consequently, the referring court had to await the decision of the three judge court, the Supreme Court, if an appeal was taken, and any other proceedings which might result from such judicial decisions, before it could proceed to final judgment. See Pennsylvania R. R. v. United States, 363 U.S. 202, 80 S.Ct. 1131, 4 L.Ed.2d 1165 (1960).

■ The 1964 amendment to 28 U.S.C. §§ 1336 and 1398, Public Law 88–513, authorizing the referring court to have exclusive jurisdiction to review the Commission's order resulting from the referral, was designed to overcome this "cumbersome and inefficient" procedure. S. Rep. No. 1394, 88th Cong., 2d Sess. 2 (1964); H.R.Rep. No. 1015, 88th Cong., 1st Sess. 2 (1964), U.S.Code Cong. & Admin.News, p. 3235.[1] Thus, since the 1964 amendment, the referring court, rather than a three judge district court, has reviewed the Commission's order because of its exclusive jurisdiction. See McLean Trucking Co. v. United States, 387 F.2d 657, 659–660, 181 Ct.Cl. 170 (1967) ("The [1964 amendment] was to provide a more streamlined procedure for judicial review of questions that involve the primary jurisdiction of the Interstate Commerce Commission and are referred to it for a preliminary deter-

---

I. These congressional reports, at p. 2, cited to a situation where a case had been on the referring court's docket for 10 years while full review of the Commission's order was being effected before other courts.

mination.") ; Seaboard Air Line R.R. v. United States, 387 F.2d 651, 654–655, 181 Ct.Cl. 719 (1967).[2]

 The authorities relied upon by plaintiffs to invoke the jurisdiction of this Court are inapposite because none of them involve a Commission order resulting from a referral by a district court or the Court of Claims. Moreover, plaintiffs' insistence that an independent civil action must be brought against the Government is irrelevant because in this case plaintiffs have done so, and the United States and the Commission already are party defendants. It seems clear that a referring court should not review the Commission's order until the United States and the Commission properly are made parties and given an opportunity to defend the Commission's order. As the Court of Claims noted in this regard in the *McLean* case, supra, 387 F.2d, at 660:

" * * * We think the Commission is a necessary party whenever its decision on a referred case is attacked. Therefore, the court will not entertain a motion or other action to set aside an order of the Commission unless it is made a party to the suit, duly served, and thus given an opportunity to defend its decision. * * * "

The Commission's orders at issue herein, although declaratory in nature, are reviewable because they determined rights or obligations from which legal consequences will flow. Pennsylvania R.R. v. United States, supra, 363 U.S., at 205, 80 S.Ct. 1131; Chicago & Southern Air Lines, Inc. v. Waterman S. S. Corp., 333 U.S. 103, 113, 68 S.Ct. 431, 92 L.Ed. 568 (1948).

For these reasons, then, it is, upon consideration, hereby

Ordered that this case be and it is hereby remanded to the United States District Court for the Northern District of Florida for disposition.

---

2. There have been legislative proposals to make Commission orders subject to judicial review by the United States courts of appeals, rather than by statutory three judge district courts. Even under these proposals, however, Commission orders made pursuant to a referral from a district court or the Court of Claims would continue to be reviewed by the referring court. See, e. *g.*, S.Rep. No. 1499, 90th Cong., 2d Sess. 3 (1968).