**Edith Y-Sheng YU**

v.

**E. Dewitt MARSHALL.**

**Civ. A. No. 69-H-659.**

United States District Court,
S. D. Texas,
Houston Division.

March 31, 1970.

230

Harry Gee, Jr., Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., and George R. Pain, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

This action is one for a declaratory judgment and judicial review of a ruling by the United States Immigration and Naturalization Service which, in effect, makes it necessary for plaintiff to leave the United States for two years. The issue is whether or not this ruling is unlawful, unsupported by substantial evidence, and an abuse of discretion. If there is an affirmative answer to this question, then, of course, the ruling must be set aside.

Plaintiff is a citizen of Nationalist China (Taiwan). She received her education at Taiwan Junior College of

Nursing and taught at the Veterans General Hospital at Taipei, Taiwan, as an instructor of nursing care training and in-service education. Her entire education was privately financed; she has never received any assistance from the Chinese government.

On September 9, 1964, plaintiff entered the United States under a student visa issued in accordance with section 101(a) (15) (J) of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 et seq. Since then, plaintiff has lived continuously in the United States. Shortly after her arrival plaintiff engaged in further nursing studies at New York University and later at Incarnate Word College of San Antonio, Texas. Upon completion of these programs, plaintiff received practical training at Methodist Hospital in Houston, Texas. At Methodist Hospital plaintiff practices nursing in the cardio-vascular surgical unit. Prior to her becoming a member of the nursing staff at Methodist, plaintiff worked as a nurse in the special coronary intensive care and surgical intensive care units at Santa Rosa Hospital of San Antonio. She has in the past devoted much of her time to charitable endeavors, specifically, the voluntary nursing programs of the Red Cross in the area of mother and baby care. She has instructed and lectured in such subjects as anatomy of physiology and pregnancy, nutrition in the pregnant mother, breast feeding, and growth and development of a child. In addition, plaintiff has volunteered her services with the Sacred Heart Co-Cathedral Parish assisting in the planning of a senior citizens' charity care clinic.

On May 11, 1968, plaintiff married Shu-Yin Yu, a Chinese native and permanent resident of the United States. Mr. Yu is in the employ of Brown & Root Company as a structural design engineer. This, needless to say, is a rare specialty, which Mr. Yu achieved only after many years of intensive graduate and undergraduate studies in engineering. With Brown & Root Mr. Yu has the assigned responsibility of designing nuclear power plants and cryogenic gas storage tanks. These tanks are of importance to the natural gas industry because of the shortage of natural gas in this country and the lack of success with some of the other types of storage facilities.

Plaintiff applied for and was granted on January 16, 1969, a visa petition as a spouse of a lawful resident alien. At that time, plaintiff was told that as an exchange visitor, she was ineligible for status as a permanent resident alien without first obtaining a waiver of section 212(e) of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(e).[1] Plaintiff thereupon filed application for waiver of the two year foreign residency requirement with the District Director of Immigration and Naturalization. A hearing was held and it was concluded by the hearing examiner that enforcement of the two year foreign residency requirement would not impose exceptional hardship within section 212(e) upon the resident spouse, Mr. Yu. This decision was unsuccessfully appealed to the

1. "No person admitted under section 1101 (a) (15) (J) of this Title or acquiring such status after admission shall be eligible to apply * * * for permanent residence * * * until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States: * * * *Provided further* that upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest: * * * *" Section 212(e).

Regional Commissioner who affirmed the decision of the District Director. Suit was filed in this Court on July 25, 1969. Subsequent to that time, plaintiff produced new evidence on exceptional hardship and presented it to the District Director and again on appeal to the Regional Commissioner. Both of them stood by their earlier decisions.

■ Jurisdiction to review the administrative ruling here in question is present by the authority of the Administrative Procedure Act, 5 U.S.C.A. § 701 et seq. and Mendez v. Major, 340 F.2d 128 (8th Cir.1965). Section 702 of the Act offers judicial review to persons suffering legal wrong or adversely affected by agency action. The reviewing court is authorized to hold unlawful and set aside agency action, findings, and conclusions which it finds to be arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C.A. § 706(2) (A). An agency ruling also may be set aside when found not to be supported by substantial evidence. 5 U.S.C.A. § 706(2) (E). In making these determinations, this Court cannot simply substitute its judgment for that of the agency official who made the decision being reviewed. Rather, it must be found that the decision is one without reasonable foundation.

■ The decision by the Immigration and Naturalization Service in this case is not one which is exclusively reviewable by the Court of Appeals as provided by 8 U.S.C.A. § 1105a(a). It is clear that the adverse ruling of which plaintiff complains is a denial of her request to waive the two year foreign residency requirement. Where this denial is separate from collateral deportation proceedings, the Court of Appeals is without jurisdiction. Samala v. Immigration and Naturalization Service, 336 F.2d 7 (5th Cir.1964). See also Mendez v. Major, *supra*.

■ Section 212(e) has been construed by previous decisions of the Immigration and Naturalization Service

reaching different results on similar facts. While these decisions are not res judicata, Talavera v. Pederson, 334 F.2d 52 (6th Cir.1964), they are an indication of the interpretation the agency has placed upon the phrase "exceptional hardship" and as such are entitled to precedential weight in the instant determination of the exceptionality of the hardship which plaintiff's spouse will suffer if plaintiff must leave the United States for two years. See 8 C.F.R. § 3.-1(g). One of these decisions is Matter of Duchneskie, 11 I & N Dec. 583. There, the applicant for waiver of the foreign residency requirement under section 212(e) was a native of the Philippine Islands who came to the United States as a student and married a native American citizen. During her postgraduate work in the study of dentistry, she participated in dental treatment of school age children in New York City. In holding that the requirement would be waived, the hearing examiner concluded that because Mrs. Duchneskie came to this country to impart already acquired knowledge, training, and skills, as well as to receive further training, a more liberal attitude would be taken in determining if the necessary degree of hardship had been established.

The circumstances discussed in the unpublished decision in Matter of Barsales, No. A14131792—Houston (Port Isabel) are also not unlike those of this case. There, the applicant was a Philippine native who entered the United States for post-graduate nurse's training. She subsequently married a man who was engaged in cancer research immunology for Baylor College of Medicine. The alternatives available to him, either accompanying his wife and thereby discontinuing his cancer research project or staying in the United States which would substantially diminish his family income since there is an over abundance of nurses in the Philippines, was held to impose exceptional hardship on him and the two year foreign residency requirement was thus ordered waived.

A consideration of the record in this case, juxtapositioned against the liberal construction given "exceptional hardship" in Matter of Duchneskie, *supra*, yields the conclusion that the decision of the Immigration and Naturalization Service not to waive the two year requirement of section 212(e) is an abuse of discretion, arbitrary, capricious, and supported only by insubstantial evidence. Regardless of whether Shu-Yin Yu returned to China with his wife or remained here, it is plain error to say that no exceptional hardship would be incurred. If Mr. Yu returns to China, not only would he have to leave his specialized position with Brown & Root, but also he would have to give up the practice of structural engineering, a skill for which there is represented by plaintiff to be no demand in China. No contrary finding by the Government appears in the record. Upon his return to the United States, he would find himself two years behind in knowledge of the developments that would have taken place in the interim in the field of structural engineering. Moreover, Mr. Yu in his present work grosses about $12,000 per year. His wife makes about $7200 per year as income from her position with Methodist Hospital. If Mr. Yu were to be employed as an engineer in Taiwan, he could count on only about $60 per month for himself and about $30 per month for his wife, assuming she would even be able to find work at all. This is barely a subsistence and would constitute a decline in living standards over and above that which would normally be expected as a usual consequence of moving from the United States to Taiwan.

Yet another effect of Mr. Yu's leaving the United States would be that his efforts to become an American citizen would be hampered. Under 8 U.S.C.A. § 1427, it is necessary that a candidate for American citizenship, after being lawfully admitted for permanent residence, reside within the United States for at least five years. Absence from the United States for more than six months may, under certain conditions, create a presumption of abandonment of American residency.

If on the other hand, Mr. Yu were to remain in the United States while his wife went abroad, his mental health would be placed in jeopardy. Included in the record is a statement by Dr. Harold L. Russell, a clinical psychologist, which relates, in substance, that Mr. Yu is suffering from a depression moderate in intensity, but that removal of the emotional support he now receives from his wife, would almost certainly aggravate his depressed condition, and, in all probability, precipitate a psychotic depression. Thus, it is a certainty that whichever course Mr. Yu follows, exceptional hardship will come to him as the end result.

The government's argument that plaintiff created the exceptional hardship by choosing to marry is unpersuasive. It is true that the act of matrimony is a voluntary one. The sincere attraction which leads couples into marriage, however, is a feeling which may not simply be turned on and off.

The result here reached is not at odds with the Congressional intent behind section 212(e). Many times a student studying in this country will owe an obligation to his homeland to return there and use the skills he has learned to contribute to that country's development. Here, plaintiff owes no such obligation to her native land since her education was financed entirely by private sources.[2]

---

2. As a matter of parallel interest, the House of Representatives recently passed a Bill, S2593, Report No. 91–851, 91st Congress, Second Session, substantially altering the language of section 212(e). Under this proposed amendment, which is now being considered by the Senate, the Attorney General may, upon the favorable recommendation of the Secretary of State, waive the two year foreign residence requirement in any case in which the foreign country of the alien's nationality or last residence has furnished the Secretary of State a statement in

The authorities cited by the government have been read and considered. They include Mendez v. Major, *supra*; Talavera v. Pederson, *supra*; Gras v. Beechie, 221 F.Supp. 442 (S.D.Tex. 1963); Todaro v. Pederson, 205 F.Supp. 612 (N.D.Ohio 1961), affirmed 305 F.2d 377 (6th Cir.1962). To avoid encumbering this opinion with a discussion of these authorities, it is sufficient to say that in none of these decisions is there to be found circumstances of hardship as strong as those present here.

For the foregoing reasons, it is therefore ordered, adjudged, and decreed that the order of the Immigration and Naturalization Service denying plaintiff's request for waiver of the two year foreign residency requirement of section 212(e) be, and the same is hereby, set aside. Accordingly, judgment will be entered for plaintiff.

writing that it has no objection to the waiver. If this Bill were to pass the Senate and become law, and the Chinese government would have no objection to plaintiff's remaining in the United States, as counsel represents it does not, this entire matter would then become moot. Since, however, this still remains a matter of speculation, this Court deems it expedient to issue this decision at this time.