553 F.2d 1268
 180 U.S.App.D.C. 92
 ALUMINUM COMPANY OF AMERICA, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
Davenport, Rock Island and North Western Railway Company, Intervenor.
 No. 76-1276.
 United States Court of Appeals,
District of Columbia Circuit.
 Order March 21, 1977.
Opinion April 1, 1977.
 
 Dickson R. Loos, Washington, D. C., was on the motion for petitioner.
 Arthur J. Cerra, Gen. Counsel, I. C. C., and Walter H. Walker, III, Mark L. Evans, and Charles H. White, Jr., Attys., I. C. C., Washington, D. C., were on the motion for respondent I. C. C.
 Lloyd John Osborn, Atty., Dept. of Justice, Washington, D. C., was on the motion for respondent United States of America.
 Robert L. Calhoun and David M. Schwartz, Washington, D. C., were on the motion for intervenor.
 Before BAZELON, Chief Judge, and WRIGHT and ROBB, Circuit Judges.
 PER CURIAM:
 
 
 1
 The threshold issue raised by this case is whether the Court of Appeals or the District Court has jurisdiction to consider it. We hold that jurisdiction is in the District Court and, accordingly, grant respondents' motion to dismiss.
 
 
 2
 The petition for review herein was filed by Aluminum Company of America (Alcoa) on March 26, 1976. By that petition Alcoa sought to invoke this court's jurisdiction to review the Commission's final order in Docket No. 35832, Aluminum Co. of America v. Davenport, Rock Island & North Western Railway Co. (Petition at 1). The order placed in issue resulted from a complaint filed by Alcoa in which it asked the Commission to direct the Davenport, Rock Island and North Western Railway Company to pay Alcoa $23,662.64, as a refund of alleged overcharges on certain rail car switching movements.
 
 
 3
 As Alcoa pointed out in its brief, the facts of the case were stipulated and the initial decision of the Administrative Law Judge upheld the complaint and awarded damages in the sum of $23,616.15 (Brief for Petitioner at 3). Thereafter, however, the Commission's Review Board No. 4 reversed the initial decision and held that the railroad had properly assessed and collected charges of $22,665.98. A petition for reconsideration was filed by Alcoa, but was denied by the Commission, Appellate Division 2, by order dated January 29, 1976.
 
 
 4
 When Alcoa subsequently filed in this court its petition seeking review of the Commission's final order in the above described proceeding it clearly was placing in issue an order "for the payment of money." This is evident from the Conclusion to Alcoa's brief, wherein Alcoa states (at 29):
 
 
 5
 (T)he Commission's order of January 29, 1976, and the Board's findings and order of September 2, 1975, insofar as it denies the overcharge claims of Alcoa, should be vacated and set aside.
 
 
 6
 Alcoa apparently contends that 28 U.S.C. § 2321(a) (Supp. V 1975) vests this court with jurisdiction to review the ICC orders in question. Section 2321(a) provides:
 
 
 7
 Except as otherwise provided by an Act of Congress, a proceeding to enjoin or suspend, in whole or in part, a rule, regulation, or order of the Interstate Commerce Commission shall be brought in the court of appeals as provided by and in the manner prescribed in chapter 158 of this title.[1]
 
 
 8
 However, one of the congressionally prescribed exceptions referred to in Section 2321(a) is contained in 28 U.S.C. § 1336(a) (Supp. V 1975), which reads:
 
 
 9
 Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, in whole or in part, any order of the Interstate Commerce Commission, and to enjoin or suspend, in whole or in part, any order of the Interstate Commerce Commission for the payment of money or the collection of fines, penalties, and forfeitures.
 
 
 10
 (Emphasis added.) ICC contends that the challenged orders fall within the above exception and are therefore not directly reviewable by this court. On the present motion, this court must decide whether or not the challenged ICC orders, which denied Alcoa's overcharge claims, are orders within the language of Section 1336(a) so as to vest the District Court with jurisdiction.
 
 
 11
 The present statutory scheme governing judicial review of ICC orders was enacted on January 2, 1975, and became effective on March 1, 1975. Pub.L. No. 93-584, 88 Stat. 1917. Perhaps because it became effective so recently, there appear to be no published decisions on point. The case law concerning predecessor statutes does, however, strongly suggest that this court lacks jurisdiction.
 
 
 12
 Prior to 1975 the applicable statutes read as follows:
 
 
 13
 28 U.S.C. § 1336(a), Act of June 25, 1948, ch. 646, 62 Stat. 931:
 
 
 14
 Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission.
 
 
 15
 28 U.S.C. § 2321, Act of June 25, 1948, ch. 646, 62 Stat. 969 (in pertinent part):
 
 
 16
 The procedure in the district courts in actions to enforce, suspend, enjoin, annul or set aside in whole or in part any order of the Interstate Commerce Commission other than for the payment of money or the collection of fines, penalties and forfeitures, shall be as provided in this chapter.
 
 
 17
 (Emphasis added.)
 
 
 18
 28 U.S.C. § 2325, Act of June 25, 1948, ch. 656, 62 Stat. 970:
 
 
 19
 An interlocutory or permanent injunction restraining the enforcement, operation or execution, in whole or in part, of any order of the Interstate Commerce Commission shall not be granted unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.
 
 
 20
 Under the previous statutory scheme, the general rule was that ICC orders could be appealed to a three-judge District Court rather than (as in the current statutes) to a federal Court of Appeals. However, both the previous statutory scheme and the present one contain the same proviso: single-judge District Courts are vested with jurisdiction to review ICC orders "for the payment of money or the collection of fines, penalties or forfeitures."
 
 
 21
 In United States v. ICC, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed 1451 (1949), the Supreme Court held that under the superseded jurisdictional statutes, ICC orders denying reparations were, like those granting reparations, orders relating to the payment of money and were, in substance, "for the payment of money." Accordingly, a single-judge District Court should have reviewed the orders. Id. at 441-442, 69 S.Ct. 1410. Subsequent cases reaffirmed this principle. See, e. g., Pennsylvania R. Co. v. United States, 363 U.S. 202, 205, 80 S.Ct. 1131, 4 L.Ed.2d 1165 (1960); Ringsby Truck Lines, Inc. v. United States, 490 F.2d 620, 623 (10th Cir. 1973), cert. denied, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974); Middlewest Motor Freight Bureau v. United States, 433 F.2d 212, 218 (8th Cir. 1970), cert. denied, 402 U.S. 999, 91 S.Ct. 2169, 29 L.Ed.2d 165 (1971); Bud Antle, Inc. v. United States, 1976 F.Carr.Cas. P 82,602 (N.D.Cal. Dec. 23, 1975); Davidson Transfer & Storage Co. v. United States, 164 F.Supp. 571, 574-575 (D.Md.1958); Shippers' Car Supply Committee v. ICC, 160 F.Supp. 939, 942-943 (D.Or.1958), aff'd, 358 U.S. 45, 79 S.Ct. 36, 3 L.Ed.2d 44 (1958). See also Ashland Coal & Ice Co. v. United States, 61 F.Supp. 708, 711-712 (E.D.Va.), aff'd, 325 U.S. 840, 65 S.Ct. 1573, 89 L.Ed. 1966 (1945); George Allison & Co., Inc. v. United States, 12 F.Supp. 862 (S.D.N.Y.1935), aff'd, 296 U.S. 546, 56 S.Ct. 175, 80 L.Ed. 387 (1936).
 
 
 22
 Under the amendments enacted in 1975, three-judge courts are no longer convened to hear appeals from ICC orders. However, the statutory exception to the Courts of Appeals' jurisdiction to review such orders tracks the old exception to review by three-judge District Courts. In arguing that the ICC orders denying reparations are not "for the payment of money," and that therefore this court has jurisdiction to review the orders, petitioner alleges, in effect, that the 1975 congressional amendments were intended to change the scope of the "for payment of money" exception. However, nothing in the legislative history of the 1975 amendments suggests that such was Congress' intention. See generally H.R.Rep.No.1569, 93d Cong., 1st Sess. (1974); S.Rep.No.500, 93d Cong., 1st Sess. (1973), U.S.Code Cong. & Admin.News 1974, p. 7025. The purpose of the amendments was to relieve the burden on three-judge District Courts and on the Supreme Court, to which decisions by three-judge District Courts were directly appealed. See id. Consequently, it is reasonable to assume that Congress did not intend to change the rule of United States v. ICC, supra.
 
 
 23
 Sound policy reasons support the view that appeals from orders denying payment claims should be treated the same as appeals from orders granting such claims rather than as appeals to enjoin most other ICC orders. Unlike other ICC orders, payment orders are not "quasi legislative orders, in which the public at large are interested * * *." Brady v. ICC, 43 F.2d 847, 851 (N.D.W.Va.1930), aff'd, 283 U.S. 804, 51 S.Ct. 559, 75 L.Ed. 1424 (1931). Rather, they "affect only the rights of private individuals, have no binding force and do not subject anyone to punishment for disobedience." Id. See Davidson Transfer & Storage Co. v. United States, supra, 164 F.Supp. at 575; Ashland Coal & Ice Co. v. United States, supra, 61 F.Supp. at 711-712. Such orders "are not of sufficient public importance to justify the accelerated judicial review procedure." United States v. ICC, supra, 337 U.S. at 442, 69 S.Ct. at 1419.
 
 
 24
 The petition for review in this case is therefore dismissed.
 
 
 
 [1]
 See also 28 U.S.C. § 2342 (Supp. V 1975), which provides in pertinent part: "The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of * * * (5) all rules, regulations, or final orders of the Interstate Commerce Commission made reviewable by section 2321 of this title."