**ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS, INC., DaimlerChrysler Corporation, Ford Motor Company, General Motors Corporation and Massachusetts State Automobile Dealers Association, Inc., Plaintiffs, Appellees,**

v.

**COMMISSIONER, MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION, Defendant, Appellant.**

No. 98–1036.

United States Court of Appeals, First Circuit.

Heard May 8, 1999.

Decided Nov. 24, 1999.

Thomas F. Reilly, Attorney General of Massachusetts and William L. Pardee, Assistant Attorney General, Environmental Protection Division on supplemental brief, for appellant.

Edward W. Warren, Robert R. Gasaway, Jeffrey Bossert Clark, Daryl Joseffer, Kirkland & Ellis, Robert F. Sylvia, Eric F. Eisenberg, Hinckley, Allen & Snyder, Julie C. Becker and Charles H. Lockwood on supplemental brief, for appellees.

Before Torruella, Chief Judge, Cyr, Senior Circuit Judge and Stahl, Circuit Judge.

TORRUELLA, Chief Judge.

Before the Court is a motion for a stay brought by appellees Association of International Automobile Manufacturers, Inc, DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation (together "Manufacturers"). For the reasons set forth below, the Court will grant appellees' motion and stay these proceedings pending judicial review of the September 15, 1999 decision rendered by the EPA in response to our prior referral under the primary jurisdiction doctrine.

## I.

The background and procedural history of this case are set forth in detail in our prior opinion. *See American Auto. Mfrs. Assoc. v. Massachusetts Dep't of Envtl. Protection,* 163 F.3d 74 (1st Cir.1998) (*AAMA*). In that decision, we held that the District Court had erred in failing to refer a number of questions to the EPA under the doctrine of primary jurisdiction. Rather than remand, we identified several questions that appeared to fall within the primary jurisdiction of the EPA and stayed our proceedings to permit the parties to obtain a ruling from the agency. Pursuant to our request, the Commonwealth of Massachusetts contacted the EPA and requested that the agency provide a ruling on the issues identified by the Court.

On September 15, 1999, the EPA responded to the Commonwealth's request with a letter purporting to address the

issues identified by this Court in the *AAMA* opinion. The essence of the agency's determination was that the challenged Massachusetts regulations were not preempted by the Clean Air Act and were thus lawful and enforceable. The Manufacturers, dissatisfied with the EPA's ruling, lodged an appeal with the United States Court of Appeals for the District of Columbia Circuit, challenging most aspects of the decision on jurisdictional and substantive grounds. That appeal, including a motion to dismiss, is currently pending before the Court of Appeals for the District of Columbia Circuit.

Subsequent to the filing of the appeal in that Court, Manufacturers filed the instant motion requesting that we stay our proceedings pending judicial review of the EPA's decision before the Court of Appeals for the District of Columbia Circuit. The Commonwealth has opposed the motion. Upon consideration of the materials submitted by the parties and our own research, we determine that the doctrine of primary jurisdiction and sound judicial policy require us to grant Manufacturers' motion and await the result of their challenge to the September 15, 1999 EPA ruling.

## II.

### A. *The primary jurisdiction doctrine compels a stay*

■ The doctrine of primary jurisdiction is a prudential doctrine developed by the federal courts to promote accurate decisionmaking and regulatory consistency in areas of agency expertise. Most simply stated,

> if a court concludes that an issue raised in an action before the court is within the primary jurisdiction of an agency, the court will defer any decision in the action before it until the agency has addressed the issue that is within its primary jurisdiction. The court retains jurisdiction over the dispute itself and all other issues raised by the dispute, but it cannot resolve that dispute until

the agency has resolved the issue that is in its primary jurisdiction.

2 Kenneth Culp Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* 271 (3d ed.1994). As courts and commentators have recognized, the effect of a court's decision to invoke the primary jurisdiction doctrine is that,

> if the issues referred to the agency ... are critical to judicial resolution of the underlying dispute, the court cannot proceed with the trial of the case until the agency has resolved those issues. In many circumstances, the court that referred the issues to the agency also must wait until the agency's decision has been either upheld or set aside by a different reviewing court.

*Id.* at 272–73; *see also Ricci v. Chicago Mercantile Exch.*, 409 U.S. 289, 306, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973) ("The adjudication ... will be subject to judicial review...."); *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1360 (9th Cir.1987) (stating that the court is "'under a duty to stay its proceedings pending ... review' of the agency's findings") (quoting *Pennsylvania R.R. v. United States*, 363 U.S. 202, 206, 80 S.Ct. 1131, 4 L.Ed.2d 1165 (1960)); *Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 269 (7th Cir. 1984) (noting that "when primary jurisdiction is invoked ... the agency proceedings are not considered complete ... until judicial review of the agency's determination is complete ...").

■ In the *AAMA* decision, we invoked the primary jurisdiction doctrine because we determined that a number of issues within the EPA's competence were essential to a proper resolution of this case and we preferred to know the EPA's position on those issues. Were we to decide this case before the Manufacturers have fully prosecuted their challenge to the EPA's decision, the lack of a final EPA position would force us to decide those very issues that we referred to the agency initially, as well as difficult questions concerning the proper scope of the EPA's statutory juris-

diction. We invoked the primary jurisdiction precisely to avoid such a situation, and (absent extraordinary delay or other factors not present here) the doctrine compels us to defer our decision until a final EPA position has been established.

### B. *Additional policy concerns support a stay*

This case also raises a separate but equally serious policy issue concerning the consistency of rulings between the federal courts of appeals. Most if not all of the issues just mentioned are at the heart of the Manufacturers' appeal to the Court of Appeals for the District of Columbia Circuit. Consequently, any decision that we render now would present a real risk of inconsistent or even directly contradictory decisions between our two Courts. Although inter-Circuit conflicts are not unheard of, it is obviously sound judicial policy to avoid them, and we prefer an additional delay to the possibility of contradictory rulings in two cases so intimately connected as are the appeal before us and the appeal of the EPA's ruling before our sister Circuit.

### 1. *The validity and effect of the EPA ruling should be adjudicated before the Court of Appeals for the District of Columbia Circuit*

The Commonwealth of Massachusetts argues that we should nevertheless press on with these proceedings without awaiting a decision from the Court of Appeals for the District of Columbia Circuit, because it interprets the EPA's September 15, 1999 letter as an informal advisory opinion with no binding effect on any party and not subject to judicial review. However, we are of the view that whether or not the September 15, 1999 decision is reviewable as a final agency action, and whether it is substantively flawed, are issues more appropriately addressed in the proceedings properly initiated before the Court of Appeals for the District of Columbia Circuit challenging the ruling, rather than in these proceedings. To decide otherwise would place us in the uncomfortable and undesirable position of ruling on issues properly before the Court of Appeals for the District of Columbia Circuit and not before this Court.[1] Those proceedings, of course, may include a ruling on the jurisdiction of that Court,[2] a ruling that would have binding effect on us, unless set aside by the Supreme Court.

Rather than start down such a precarious path, we find that any additional delay resulting from our continued stay of proceedings is justified by the policy concerns weighing heavily in favor of deferral. The proceedings before the Court of Appeals for the District of Columbia Circuit could be resolved on the pending motion to dismiss, in which case the delay would be slight. In any event, we are persuaded by the Manufacturers that a stay of these proceedings pending resolution of the challenge before the Court of Appeals for the District of Columbia Circuit best serves the interests of justice by allowing the

---

1. It is significant that no proceedings have been initiated in this jurisdiction, by motion in this action or by filing a separate action, to challenge the EPA's September 15, 1999 decision. Therefore, although we precipitated the EPA decision by invoking the primary jurisdiction doctrine, it is at least arguable that the force and effect of the EPA decision are issues not properly before us at this time. *See also United States v. General Dynamics Corp.*, 828 F.2d 1356, 1360 (9th Cir.1987) (stating that, under particular statute at issue, agency decisions on primary jurisdiction referrals may not be collaterally attacked in proceedings before referring court).

2. The parties devoted considerable argument to whether the D.C. Circuit or this Court might have exclusive jurisdiction to review the EPA's decision, pursuant to 42 U.S.C. § 7607(b)(1). We would note that, although the Clean Air Act does restrict where a petition for review of certain EPA decisions may be filed, that provision has been interpreted by at least one federal court of appeals to be a venue provision and not a limitation on federal question jurisdiction. *See Texas Mun. Power Agency v. EPA*, 89 F.3d 858, 867 (D.C.Cir. 1996).

agency's determination to be reviewed in due course and by avoiding the possibility of an unseemly and unnecessary conflict with our colleagues on that Court.

### III.

For the reasons set forth above, we will grant the Manufacturers' motion for a stay and defer further proceedings until the Court of Appeals for the District of Columbia Circuit (and the Supreme Court, in the appropriate case) has completed its review of the EPA's September 15, 1999 ruling. We do not decide whether that opinion is in fact reviewable in this or any other Court as final agency action, nor do we pass upon its substantive merit. Rather, we await the decision of the Court of Appeals for the District of Columbia Circuit on those issues, after which we will resume these proceedings to resolve any remaining questions.

Appellees' motion is **granted.**